**IT IS ORDERED as set forth below:**

**Date: April 1, 2019**

_____

**Jeffery W. Cavender
U.S. Bankruptcy Court Judge**

_____

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| IN RE: | CASE NO. 17-55926-JWC |
| TINA MADDOX ABERNATHY, | CHAPTER 7 |
| Debtor. | |
| THE PEOPLES BANK, | |
| Plaintiff, | |
| v. | ADVERSARY PROCEEDING |
| TINA MADDOX ABERNATHY, | NO. 17-5170 |
| Defendant. | |

## ORDER

This adversary proceeding arises out of the Chapter 7 Bankruptcy Case of Tina Maddox Abernathy ("Debtor" or "Defendant"), Case No. 17-55926-jwc (the "Bankruptcy Case"). Plaintiff The Peoples Bank ("Plaintiff" or "Bank") filed its complaint against Debtor seeking a determination that a debt owed to it by Debtor is nondischargeable pursuant to § 523(a)(6) of Title

1

11 of the United States Code (the "Bankruptcy Code"[1]). This matter is a core bankruptcy matter over which this Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 157(b)(2)(I) and 1334, and venue in this Court is proper pursuant to 28 U.S.C. § 1409.

On December 23, 2018, Plaintiff filed its Motion for Summary Judgment (Doc. No. 11) (the "Motion") seeking summary judgment that a debt of $67,922.16 owed by Debtor to Plaintiff (the "Debt") as adjudged by the Superior Court of Newton County (the "Superior Court") is excepted from discharge pursuant to § 523(a)(6). Debtor filed a response in opposition to the Motion (Doc. No. 12) (the "Response"), and Plaintiff filed a brief in further support of the Motion ("Plaintiff's Reply Brief") (Doc. No. 13). After review of all matters of record in this Adversary Proceeding, the evidentiary submissions, legal authorities cited, and arguments of counsel made in connection with the Motion, Plaintiff's Motion is denied for the reasons set forth below.

## I.    **Summary Judgment Standard**

Federal Rule of Bankruptcy Procedure 7056 makes Rule 56 of the Federal Rules of Civil Procedure (the "Federal Rules") applicable in adversary proceedings. Fed. R. Bankr. P. 7056. Summary judgment is proper only where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Hairston v. Gainesville Sun Publ'g Co.*, 9 F.3d 913, 918-19 (11th Cir. 1993).

A fact is material if it might affect the outcome of a proceeding under the governing substantive law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (U.S. 1986). A dispute of fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.*

---

[1] All statutory references shall be to the Bankruptcy Code unless otherwise indicated.

2

At the summary judgment stage of a proceeding, the Court's function is not to determine the truth of the matter by weighing the evidence, but rather to determine if there is a genuine issue for trial. *Id.* When making this determination, the Court must view the evidence in the light most favorable to the nonmoving party. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970); *Rosen v. Biscayne Yacht & Country Club, Inc.*, 766 F.2d 482, 484 (11th Cir. 1985). "All reasonable doubts and inferences should be resolved in favor of the opponent." *Amey, Inc. v. Gulf Abstract & Title, Inc.*, 758 F.2d 1486, 1502 (11th Cir. 1985).

The moving party bears the burden of establishing the right to summary judgment. *Clark v. Coats & Clark, Inc.*, 929 F.2d 604, 608 (11th Cir. 1991); *Clark v. Union Mut. Life Ins. Co.*, 692 F.2d 1370, 1372 (11th Cir. 1982). The moving party must identify those evidentiary materials listed in Federal Rule 56(c) that establish the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986); *see also* Fed. R. Civ. P. 56(e).

Once the moving party makes a *prima facie* showing that it is entitled to judgment as a matter of law, the nonmoving party must go beyond the pleadings and demonstrate that there is a material issue of fact that precludes summary judgment. *Celotex*, 477 U.S. at 324; *Martin v. Commercial Union Ins. Co.*, 935 F.2d 235, 238 (11th Cir. 1991). "[A] party opposing a properly supported motion for summary judgment may not rest upon the mere allegations or denials of his pleading, but must set forth specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 248 (citations omitted).

## II.　**Findings of Fact**

Plaintiff seeks summary judgment on all counts of its Complaint. Count I seeks a determination that the Debt is nondischargeable under § 523(a)(6) of the Bankruptcy Code. Count II seeks a determination that Plaintiff is entitled to attorney's fees for bringing this

3

nondischargeability action under O.C.G.A. § 13-6-11. In support of the Motion, Plaintiff submits a sworn affidavit of Frances Redick, a Vice President and Account Officer of Plaintiff (the "Redick Affidavit"). Attached as Exhibit 1 to the Redick Affidavit is a certified copy of the Superior Court's order granting summary judgment, and a certified copy of the Superior Court's Order Granting Defendant Peoples Bank's Motion for Attorneys' Fees and Expenses is attached as Exhibit 2. From those documents the Court gleans the following facts material to resolution of the Motion.

Plaintiff and Defendant were parties to litigation in the Superior Court, Civil Action File No. 2014-CV-2504-4 (the "Superior Court Action"), in which Defendant brought claims against Plaintiff relating to deposits made into her now ex-husband Michael Sager's bank accounts. Debtor sought damages of $344,000 from Plaintiff for allowing Michael Sager to deposit into his accounts deposits or checks made payable to T. M. Sager Grading, Sager Grading & Development, and Sager Grading. Debtor alleged that Plaintiff breached its duties by accepting those items for deposit into Michael Sager's accounts rather than a corporate account on which Debtor had signature authority.

On March 24, 2016, the Superior Court entered an order granting summary judgment in favor of Plaintiff and against Defendant (the "Summary Judgment Order"). (Redick Aff., Ex.1). Thereafter, Plaintiff filed a motion seeking an award of attorney's fees and expenses for defending the Superior Court Action. Following a hearing on the motion, the Superior Court entered an order granting judgment in favor of Plaintiff and jointly and severally against Defendant and Ronald J. Doeve, Defendant's counsel in the Superior Court Action, for Plaintiff's attorney's fees and expenses in defending the Superior Court Action (the "Fee Order"). (Redick Aff., Ex.2).

In the Fee Order, the Superior Court made the following findings of fact: In 2008, Debtor executed a corporate resolution on behalf of Sager Grading & Development Inc., d/b/a T. M. Sager

4

Grading Co. (the "Company") identifying Debtor as the CEO and Secretary and Debtor's then-husband Michael Sager as the CFO of the Company. Based on this and other corporate resolutions on file with Plaintiff, the Superior Court found that Mr. Sager was an authorized signer on behalf of the Company from at least February 2008 through May 2012. The only corporate account at Plaintiff was an account in the name of the Company. Debtor and Michael Sager separated in April 2012, and Debtor filed for divorce one month later. To keep the grading business operational after Debtor filed for divorce, Michael Sager opened a new account with Plaintiff in the name of Michael J Sager d/b/a Sager Grading with Michael Sager as the only authorized signer. On April 26, 2013, the Superior Court of Gwinnett County issued a Final Judgment and Decree of Divorce awarding sole ownership of the Company to Michael Sager and stating, among other things, that Debtor shall not receive any additional income from the Company. The Superior Court of Gwinnett County valued the Company at $350,000 and ordered Michael Sager to pay $175,000 to Debtor to buy her interest.

Based on the above facts, the Superior Court made the following conclusions of law in the Fee Order: Debtor's claims in the Superior Court Action lacked substantial justification and she and her attorney unnecessarily expanded the proceedings by improper conduct, entitling Plaintiff to attorney's fees. Michael Sager was an authorized signor on the Company's bank account and was authorized to negotiate items on behalf of the Company. Debtor and her attorney ignored the plain language of O.C.G.A. § 7-1-352(a) and the corporate resolutions signed by Debtor in bringing the Superior Court Action, both of which expressly refute her claims. Debtor's claims "lacked substantial justification," and an award of attorney's fees and expenses was proper pursuant to O.C.G.A. § 9-15-14(b). Debtor and her attorney "unnecessarily expanded the proceedings both during [Debtor]'s deposition and by failing to appear in [c]ourt on February 17,

5

2016." (Fee Order at 5). The fees and expenses submitted by Plaintiff were reasonable and necessary in the Superior Court Action, which "wholly lacked substantial justification in its entirety," and an award of $67,922.16 in damages was appropriate. (Fee Order at 6). The Superior Court held Debtor and her attorney jointly and severally liable for the fees and expenses awarded. On these facts, Plaintiff contends that no genuine issue of material fact remains for trial in this dischargeability action and that Plaintiff is entitled to summary judgment on both counts of the Complaint.

### III.  Conclusions of Law

Section 523(a)(6) excepts from discharge an individual's debts incurred by "willful and malicious injury by the debtor to another entity or to the property of another entity." 11 U.S.C. § 523(a)(6). "An injury is willful when the injury itself was 'deliberate or intentional' and not merely the result of an intentional act that resulted in injury." *Wells Fargo Bank, N.A. v. Sutton (In re Sutton)*, 557 B.R. 831, 836 (Bankr. N.D. Ga. 2016) (Ellis-Monro, J.) (citing *Kawaauhau v. Geiger*, 523 U.S. 57, 61–62 (1998)); *see also Kane v. Stewart Tilghman Fox & Bianchi Pa (In re Kane)*, 755 F.3d 1285, 1293 (11th Cir. 2014) (quoting *Maxfield v. Jennings (In re Jennings)*, 670 F.3d 1329, 1334 (11th Cir. 2012)).

Showing only intentional acts that lead to an injury is not sufficient. *See Kawaauhau*, 523 U.S. at 61. "The word 'willful' in (a)(6) modifies the word 'injury,' indicating that nondischargeability takes a deliberate or intentional *injury,* not merely a deliberate or intentional *act* that leads to injury." *Id.* (emphasis in original). As the Eleventh Circuit has made clear, a debtor is responsible for a "willful" injury when he or she commits an intentional act the purpose of which is to cause injury, or which is substantially certain to cause injury. *Hope v. Walker (In re Walker)*, 48 F.3d 1161, 1165 (11th Cir. 1995) (quoted in *Thomas v. Loveless (In re Thomas)*, 288 F. App'x

6

547, 549 (11th Cir. 2008)). Section 523(a)(6) also requires that the debt arise from a "malicious" injury. "An injury is malicious when it is 'wrongful and without just cause or excessive even in the absence of personal hatred, spite or ill-will.'" *Sutton*, 557 B.R. at 836 (quoting *Walker*, 48 F.3d at 1164).

Although Plaintiff does not directly assert as much in the Motion, Plaintiff contends in Plaintiff's Reply Brief that the doctrine of collateral estoppel bars Debtor from relitigating issues determined by the Superior Court.

> Collateral estoppel, or issue preclusion, bars relitigation of an issue previously decided in judicial or administrative proceedings if the party against whom the prior decision is asserted had a "full and fair opportunity" to litigate that issue in an earlier case. *Allen v. McCurry*, 449 U.S. 90, 95, 101 S.Ct. 411, 415, 66 L.Ed.2d 308 (1980). Collateral estoppel principles apply to dischargeability proceedings. *Grogan v. Garner*, 498 U.S. 279, 285 n.11, 111 S.Ct. 654, 658 n.11, 112 L.Ed.2d 755 (1991). If the prior judgment was rendered by a state court, then the collateral estoppel law of that state must be applied to determine the judgment's preclusive effect. *In re Touchstone*, 149 B.R. 721, 725 (Bankr. S.D. Fla. 1993).

*In re St. Laurent, II*, 991 F.2d 672, 675-76 (11th Cir. 1993). The prior judgment in this case was issued by a Georgia court, and the Court therefore looks to Georgia law to determine whether collateral estoppel bars re-litigation of any issues in this case.

Under Georgia law, collateral estoppel applies when the following elements are met: (1) there is an identity of parties between the two cases; (2) there is an identity of issues between the two cases; (3) actual and final litigation of the issues in question occurred; (4) the adjudication was essential to the earlier action; and (5) the parties had a full and fair opportunity to litigate the issues in question**.** *See Lewis v. Lowery (In re Lowery)*, 440 B.R. 914, 921 (Bankr. N.D. Ga. 2010) (Hagenau, J.); *Lusk v. Williams (In re Williams)*, 282 B.R. 267, 272 (Bankr. N.D. Ga. 2002) (Mullins, J.). Applying the Georgia law of collateral estoppel to the facts of this case, the Court concludes that all issues that must be decided by this Court in determining the dischargeability of

7

the Debt were not decided in the Superior Court Action and do not entitle Plaintiff to summary judgment on the issues raised in the Complaint.

Only the first element of collateral estoppel under Georgia law—that the parties in the Superior Court Action and the instant adversary proceeding are the same—is satisfied.[2] As further explained below, the Court finds with respect to the remaining elements: there is no complete identity of issues between the two cases; actual and final litigation of all issues relevant to dischargeability did not occur; the adjudication of dischargeability issues was not essential to the earlier action; and the parties did not have a full and fair opportunity to litigate all issues that are material to the claims asserted in this litigation.

   a. Identity of Issues

The Superior Court in its Fee Order found that Defendant lacked substantial justification in bringing the Superior Court Action and that she unnecessarily expanded the proceedings once the action was brought. Plaintiff contends that such findings are sufficient for purposes of finding the Debt resulted from willful and malicious injury inflicted on Plaintiff by Defendant. The Court agrees that such findings are sufficient to satisfy the "malicious" element of 523(a)(6) but lack any finding of intent to cause injury sufficient to satisfy the "willful" requirement.

---

[2] Defendant asserts in her Statement of Uncontested Material Facts (Doc. No. 15) that Michael Sager and Ronald Doeve are indispensable parties to this proceeding. The Fee Order awarded fees specifically to Plaintiff because Defendant's claim against Plaintiff lacked substantial justification and found Defendant and her counsel jointly and severally liable to Plaintiff. The purpose of this adversary proceeding is to determine whether that judgment is nondischargeable against Defendant and does not require the inclusion of her counsel to adjudicate. *See Lynch v. Johns-Manville Sales Corp.*, 710 F.2d 1194, 1198 (6th Cir. 1983) ("It is beyond peradventure that joint tortfeasors are not indispensable parties in the federal forum."); *see also Matter of Johns-Manville Corp.*, 26 B.R. 405, 414 (Bankr. S.D.N.Y. 1983), *aff'd sub nom. In re Johns-Manville Corp.*, 40 B.R. 219 (S.D.N.Y. 1984) ("Under federal law, joint tortfeasors are not considered indispensable parties.").

The Superior Court relied on two statutes, O.C.G.A. §§ 7-1-352(a) and 9-15-14(b). Under O.C.G.A. § 7-1-352(a), a bank is statutorily granted broad immunity from liability related to bank deposits made by authorized agents and fiduciaries.[3] The Superior Court held that Plaintiff could not be found liable to Defendant based on that statute and awarded attorney's fees to Plaintiff under O.C.G.A. § 9-14-15(b) for bringing an unjustified claim.[4] The Superior Court found in the Fee Order that O.C.G.A. § 7-1-352(a) and the corporate resolutions signed by Defendant expressly refute the Debtor's claims asserted in the Superior Court Action. Michael Sager had authority to endorse checks and withdraw or transfer funds on deposit with Plaintiff, and Defendant had no ownership interest in the Company when she filed the complaint. The Superior Court found that Plaintiff's claims were neither novel nor an attempt to establish a new theory of law. Based on its findings, the Superior Court determined that Defendant's claims lacked substantial justification and that she and her attorneys unnecessarily expanded the proceedings during Defendant's

---

[3] O.C.G.A. § 7-1-352(a) provides, in relevant part:

> Whenever any agent . . . , either express or implied, or other fiduciary, whether bona fide or mala fide, shall deposit any money in any bank to his credit as an individual, or as such agent, trustee, or other fiduciary, whether the name of the person or corporation for whom he is acting or purporting to act be given or not, such bank shall be authorized to pay the amount of such deposit, or any part thereof, upon the order of such agent . . . , signed with the name in which such deposit was entered, without being accountable in any way to the principal, cestui que trust, or other person or corporation who may be entitled to or interested in the amount so deposited.

[4] O.C.G.A. § 9-15-14(b) provides, in relevant part:

> The court may assess reasonable and necessary attorney's fees and expenses of litigation . . . if . . . it finds that an attorney or party brought or defended an action, or any part thereof, that lacked substantial justification or that the action, or any part thereof, was interposed for delay or harassment, or if it finds that an attorney or party unnecessarily expanded the proceeding by other improper conduct . . . . As used in this Code section, "lacked substantial justification" means substantially frivolous, substantially groundless, or substantially vexatious.

9

deposition and the summary judgment hearing and awarded attorney's fees to Plaintiff pursuant to O.C.G.A. § 9-15-14(b). Based on these findings, the Court concludes that the Superior Court orders sufficiently establish that Defendant's bringing of the lawsuit was "wrongful and without just cause or excessive," thus satisfying the "malicious" element of § 523(a)(6). *Sutton*, 557 B.R. at 836. Importantly, unlike a court adjudicating a claim under § 523(a)(6), a court imposing liability under O.C.G.A. § 9-15-14 is not required to find willfulness or an intent to cause injury, and the Superior Court made no such findings.

Though cited by neither party, the Court found several cases in this district, both published and unpublished, determining whether a state court judgment for attorney's fees under O.C.G.A. § 9-15-14 was entitled to preclusive effect in a subsequent dischargeability action under § 523(a)(6). These cases make clear that more than a mere finding of liability under O.C.G.A. § 9-15-14 is required for a court to grant preclusive effect to a state court judgment under § 9-15-14 for purposes of liability under § 523(a)(6).

In *Rackley v. Rackley (In re Rackley)*, 502 B.R. 615, 632 (Bankr. N.D. Ga. 2013), Judge Massey found a superior court order awarding fees pursuant to O.C.G.A. § 9-15-14 was not entitled to preclusive effect on a claim for willful and malicious injury under § 523(a)(6). Judge Massey reasoned that "intent to injure the other party is not a factual element of the claim under [O.C.G.A. § 9-15-14]," which he likened to Fed. R. Civ. P. 11 and Fed. R. Bankr. P. 9011. *Id*. "The prosecution of a frivolous claim or defense in federal court may result in sanctions being imposed on a litigant or his attorney. But such conduct without a specific showing of an intent to cause injury cannot alone satisfy the requirements of section 523(a)(6)." *Id*. (citing *In re Wrenn*, 791 F.2d 1542 (11th Cir.1986)).

10

In contrast, Judge Diehl found attorney's fees awarded under O.C.G.A. § 9-15-14 to be excepted from discharge in *Douglas Cty. Bd. of Comm'rs v. Quarterman (In re Quarterman)*, No. 09–65818–MGD, 2010 WL 4642471 (Bankr. N.D. Ga. Aug. 23, 2010). Judge Diehl based her ruling on superior court findings that specifically addressed the defendant's intent in filing the lawsuits as "a deliberate act to make the plaintiff work" rather than a genuine attempt to redress harm suffered. *Id*. at *6. The Superior Court made no similar finding of intent to cause harm in either its Summary Judgment Order or its Fee Order.

Similarly, in *Roswell Holdings, LLC v. Peterson (In re Peterson)*, No. 07-79473-JB, 2009 WL 6498512 (Bankr. N.D. Ga. Feb. 10, 2009), Judge Bihary found attorney's fees awarded by a state court under O.C.G.A. § 9-15-14 excepted from discharge. In awarding fees, the superior court specifically found that the debtor and his counsel "willfully filed the action in [s]uperior [c]ourt without substantial justification, to delay an inevitable and legal dispossessory proceeding, and *with the intent to harass [the plaintiff]*." *Id*. (emphasis added). Again, the Superior Court made no similar findings regarding Defendant's intent in the Summary Judgment Order or the Fee Order.

Plaintiff cites several cases from other jurisdictions applying similar statutes to support its theory that the attorney's fees awarded under O.C.G.A. § 9-15-14(b) are nondischargeable under § 523(a)(6). The Court finds those cases unpersuasive. For example, a district court in California affirmed the bankruptcy court's reliance on the specific factual findings of the state court in similar dischargeability litigation:

> In reaching this conclusion, the bankruptcy court relied upon the state court's finding that Appellant brought her sexual harassment claim "in bad faith and with the [Debtor's] declared objective 'to bring Clay [Arnold] down,'" and that she knew from the outset that "there was no reasonable basis" for this claim. The bankruptcy court further relied upon the state court's finding that Appellant's "claim was so patently groundless from the outset that it has been obvious throughout the litigation that her motivation was a malicious desire to harm Arnold.

11

*Hughes v. Arnold*, 393 B.R. 712, 719 (E.D. Cal. 2008), *aff'd* 347 Fed. Appx. 359 (9th Cir. 2009) (citations omitted). The attorney's fees awarded in *Hughes* were based on a state court finding that the debtor knowingly initiated and prosecuted a groundless claim motivated by a malicious desire to cause harm. The Superior Court's orders do not include a finding that Debtor brought her claim in bad faith or that Debtor initiated and prosecuted the Superior Court Action with an intent to cause harm. Rather, the Superior Court found that Debtor's lawsuit lacked substantial justification, which could mean any one of three things under the statute: "substantially frivolous, substantially groundless, or substantially vexatious." O.C.G.A. § 9-15-14(b). While Defendant's conduct may have been any of those things, without a finding of intent to cause injury, the judgment is not entitled to preclusive effect for purposes of § 523(a)(6).

Plaintiff further asserts that willfulness has been found where a debtor filed a lawsuit without having a factual basis for the claim and thereby caused another to incur substantial attorney's fees in defending himself. Plaintiff cites to *Watson & Brown, P.C. v. Mansel (In re Mansel)*, 2001 Bankr. LEXIS 877 (Bankr. N.D. Ill. July 19, 2001) to support its position, which itself merely cites to *French, Kezelis & Kominiarek, P.C. v. Carlson (In re Carlson)*, 224 B.R. 659 (Bankr. N.D. Ill. 1998). In *Carlson*, a state court held an attorney liable for filing a lawsuit that was unwarranted, improper, and not supported by fact or existing law. *Carlson*, 224 B.R. at 662. While those findings are similar to those of the Superior Court in the Fee Order, the *Carlson* court also found that the point of the lawsuit was to "harass or get even with" another law firm for defeating the debtor's firm in an earlier case. *Id*. The Superior Court made no such analogous finding in its Summary Judgment Order or the Fee Order.

Plaintiff also cites a bankruptcy court interpreting a Maryland attorney fee statute, but the Maryland statute at issue in that case requires a showing of "intentional misconduct." *Erie Ins.*

12

*Grp. v. Chaires (In re Chaires)*, 249 B.R. 101, 106 (Bankr. D. Md. 2000) (citing *Talley v. Talley*, 317 Md. 428, 438, 564 A.2d 777 (1989)). O.C.G.A. § 9-15-14(b) does not require a finding of intentional misconduct, and the Superior Court made no such finding. Finally, Plaintiff cites a case where the court found an involuntary bankruptcy case was initiated in bad faith and awarded punitive damages against the initiator based on § 303(i). *See Duran v. Antonini (In re Antonini)*, Nos. 09-16850-BKC-AJC, 10-3792-BKC-AJC-A, 2011 Bankr. LEXIS 4561 (Bankr. S.D. Fla. Oct. 25, 2011). The facts of that case are not on point here, and Plaintiff is not seeking relief under § 303(i). The Superior Court in this case made no findings of intent to cause harm, and as a result, the Court finds no complete identity of issues between the Superior Court action and this proceeding for purposes of collateral estoppel.

### b. Issues Actually Litigated and Essential to Adjudication

All issues relevant to Plaintiff's dischargeability claims were not actually and finally litigated in the Superior Court Action. In general, "when a question of fact is . . . submitted to the trier of fact for its determination, and is determined, that question of fact has been actually litigated." *Williams*, 282 B.R. at 272 (citing 18 JAMES WM. MOORE ET AL., MOORE'S FEDERAL PRACTICE § 132.03[2][c] (3d ed. 1999)). The Superior Court, having made no findings in the Fee Order with respect to Defendant's intent in bringing the Superior Court Action, did not actually litigate all of the elements required to prove a claim under § 523(a)(6). Moreover, a finding of intent to cause injury was not an essential element that Plaintiff had to establish to receive an award of fees under O.C.G.A. § 9-15-14. A determination that Plaintiff's actions in bringing the lawsuit lacked substantial justification was essential to the Fee Order, but a finding of intent to cause injury was not.

### c. Full and Fair Opportunity to Litigate Issues

Finally, the Court concludes that no full and fair opportunity to litigate the issue of whether Defendant intended to cause injury occurred in the Superior Court Action because that issue was not before the Superior Court. Notwithstanding her arguments to the contrary,[5] the Court believes Defendant had a full and fair opportunity to litigate the issues that were before the Superior Court and is bound by the actual determinations made by that Court. That does not mean, however, that Defendant was afforded an opportunity to contest all issues that go to the dischargeability of the Debt. The key to whether a defendant has had a full and fair opportunity to contest the issues is to determine whether the party had adequate notice of the issue and was afforded the opportunity to participate in its determination. The record contains no indication that Defendant was on notice of any issue other than that a determination of whether an award of legal fees and expenses was appropriate under O.C.G.A. § 9-15-14, and this Court concludes there has not been a full and fair opportunity to litigate all dischargeability issues that are determinative in this case.

### d. Other evidence

Having concluded that the Summary Judgment Order and Fee Order are insufficient on their own to merit a grant of summary judgment on the claim for willful and malicious injury, the

---

[5] Defendant's assertion that her counsel did not inform her of the pleading or hearing does not establish that Defendant did not have actual notice of either, and Defendant offers no admissible evidence (via affidavit or sworn testimony) that she did not have knowledge of the pleading or hearing. Even if Defendant ultimately shows that her counsel committed legal malpractice in not informing her, Defendant cannot base her assertion that she did not have a full and fair opportunity for a hearing on legal malpractice. *See Williams*, 282 B.R. at 277 (attorney's malpractice is not a *per se* denial of a full and fair opportunity to litigate; inquiry is whether party had adequate notice of the issue and was afforded the opportunity to participate in its determination); *see also Ballard Condo. Owners Ass'n v. Gen. Sec. Indem. Co. of AZ*, 2010 WL 4683721 (W.D. Wash. 2010) (finding that plaintiff had full and fair opportunity to litigate the issue and counsel's procedural errors do not work to create an injustice, even where counsel's error resulted in adverse ruling).

14

Court must determine whether other admissible evidence in the record sufficiently establishes an intent to cause harm on the part of Defendant. "Since a debtor in a § 523(a)(6) case is unlikely to admit that he or she intended to cause injury, or that he or she was substantially certain that injury would result, this state of mind can be established through circumstantial evidence." *Call Fed. Credit Union v. Sweeney (In re Sweeney)*, 264 B.R. 866, 871 (Bankr. W.D. Ky. 2001) (citing *Harr v. Harr (In re Harr)*, 2000 WL 620799 (Bankr. S.D. Ohio 2000) (quoted in *KMK Factoring, L.L.C. v. McKnew (In re McKnew)*, 270 B.R. 593, 640 (Bankr. E.D. Va. 2001)). The Court reviewed all evidence submitted by Plaintiff, including the Redick Affidavit, to determine whether sufficient circumstantial evidence of intent to cause injury exists in the record to satisfy Plaintiff's burden.

Plaintiff asserts that Defendant filed the Superior Court Action because she was apparently unhappy with the divorce decree that awarded Michael Sager sole ownership of the grading business. Although such assertion supports Plaintiff's theory of the case, the allegation alone is not sufficient in the Court's view to show an intent to cause injury, and more importantly, Plaintiff provides no evidence to support that assertion. "[U]nsubstantiated assertions are not competent summary judgment evidence." *Ragas v. Tennessee Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998) (citing *Celotex*, 477 U.S. at 327).

Plaintiff also argues that because it is a corporation and cannot represent itself under Georgia law, Debtor must have known that her intentional bringing of a lawsuit against it was certain to cause Plaintiff to incur economic injury in defending itself. Though Plaintiff offers authority for its proposition that it cannot represent itself, it offers no authority to support its proposition that initiating a lawsuit against a corporation is *ipso facto* substantially certain to cause injury, and the Court found no such authority in its search.

15

To find intent to cause injury from the evidence submitted, the Court must make inferences in Plaintiff's favor that Defendant intended to harm Plaintiff in bringing the lawsuit. Taking into consideration that on summary judgment the Court must view the evidence in the light most favorable to the nonmoving party, with all reasonable doubts and inferences resolved in the opponent's favor, the Court concludes the record before it is insufficient to establish intent to cause harm. Accordingly, Plaintiff does not meet its burden as to Count I of the Complaint.[6]

With respect to Count II, O.C.G.A. § 13-6-11 allows a court to award attorney's fees and costs but requires a showing that Defendant "acted in bad faith, has been stubbornly litigious, or

---

[6] The Court notes that Defendant contests that her intent was to injure Plaintiff, but she fails to submit any admissible evidence on this point. Had Plaintiff carried its burden of establishing a *prima facie* case that no genuine issue of material fact remains for trial, the Court would have been hard-pressed not to grant summary judgment in Plaintiff's favor given the form of Defendant's response. In opposition to the Motion, Defendant merely incorporated her response and statement of facts in a related lawsuit, adversary proceeding number 17-5109, into her Response in this case. Such a response is improper. Rule 10(c), made applicable to this proceeding by Bankruptcy Rule 7010, provides: "A statement in a pleading may be adopted by reference elsewhere in the same pleading or in any other pleading or motion. A copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes." Fed. R. Bankr. P. 10(c). The response and statement of facts would not be a "written instrument" considered part of the adversary complaint. *See In re Smith*, 489 B.R. 875, 904 (Bankr. M.D. Ga. 2013); *see also, e.g., United States v. Int'l Longshoremen's Ass'n*, 518 F.Supp.2d 422, 465–66 (E.D.N.Y. 2007) ("A 'written instrument' is a document evidencing legal rights or duties or giving formal expression to a legal act or agreement, such as a deed, will, bond, lease, insurance policy or security agreement.... The pleadings attached as exhibits to the Amended Complaint ... are nothing more than self-serving statements prepared by the plaintiff with no independent evidentiary value."). Moreover, "[a]lthough not explicit in Federal Rule 10(c), only pleadings in the same action can be adopted by reference—not pleadings in prior actions, including actions between the same parties." *Id.* at 903-04 (citing *Texas Water Supply Corp. v. R.F.C.*, 204 F.2d 190, 196 (5th Cir.1953) ("Rule 10(c) ... permits reference to pleadings and exhibits in the same case, but there is no rule permitting the adoption of a cross-claim in a separate action in a different court by mere reference.")). Even in the absence of Rule 10(c), the Defendant's incorporation of the entirety of those filings, most of which have no relevance to this case, is not appropriate. "Rule 56 does not impose upon the district court a duty to sift through the record in search of evidence to support a party's opposition to summary judgment." *Adams v. Travelers Indem. Co. of Connecticut*, 465 F.3d 156, 164 (5th Cir. 2006) (quoting *Ragas*, 136 F.3d at 458). Nonetheless, the Court examined those pleadings and found nothing that would aid the Court in its analysis of the Motion.

16

has caused the plaintiff unnecessary trouble and expense." Plaintiff fails to cite any authority for the proposition that an award of attorney's fees under O.C.G.A. § 13-6-11 is appropriate in a dischargeability proceeding under the Bankruptcy Code and has not offered any admissible evidence that would support an award of attorney's fees for this adversary proceeding in connection with a motion for summary judgment. Accordingly, the Court denies summary judgment with respect to this count as well.

### IV.    Conclusion

Plaintiff has not met its burden of establishing that no genuine issue of material fact remains for trial. For the foregoing reasons, it is hereby

**ORDERED** that Plaintiff's Motion is **DENIED** as to both Counts.

The Clerk's office is directed to serve copies of this Order on counsel for Plaintiff, counsel for Debtor, and the chapter 7 trustee.

### END OF DOCUMENT

17